■ HERMAN D. SEEGUL, Appellant, v. JEANNETTE B. SEEGUL, Respondent. — Order, Supreme Court, New York County, entered November 18, 1971, so far as appealed from, unanimously modified, on the law and on the facts, so as to strike the ordering paragraph providing for an examination before trial of the plaintiff, and, as so modified, the order is affirmed, without costs and without disbursements. There is no necessity for an examination as to the husband's financial status at this time. Concur — Stevens, P. J., McGivern, Markewich, Murphy and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOUGLAS DAVIS, Appellant.— Judgment, Supreme Court, New York County, rendered November 2, 1970, *nunc pro tunc* as of June 8, 1965, sentencing defendant-appellant to State prison for a term of 20 years to life on his plea of guilty to murder in the second degree, unanimously reversed, on the law, the sentence vacated, and the case remanded for hearing on defendant's application to withdraw his plea of guilty. The colloquy between defendant and the court at the time of plea does not clearly establish whether defendant admitted guilt of manslaughter or murder in the second degree. On the day of sentence, defendant applied forthwith at the opening of proceedings for permission to withdraw the plea. The application was summarily denied. In the circumstances, there should have been a hearing on the subject of whether the facts admitted by the defendant were consonant with the degree of crime to which the plea was taken. (*People* v. *Sheppard*, 37 A D 2d 830; *People* v. *McKennion*, 27 N Y 2d 671). Concur — Markewich, J. P., Kupferman, Murphy, McNally and Steuer, JJ.

■ SECURITY-COLUMBIAN BANKNOTE COMPANY, DIVISION OF UNITED STATES BANKNOTE CORPORATION, Respondent, v. MULTIVISIONS CORPORATION, Appellant. — Order, Supreme Court, New York County, entered on July 26, 1971, unanimously modified, on the law, to delete the first and fourth ordering paragraphs, and, as so modified, the order appealed from is otherwise affirmed, without costs and without disbursements. The judgment of said court entered thereon on August 3, 1971, is unanimously reversed, on the law, and vacated, without costs and without disbursements. In this action to recover for printing services rendered, the mere submission of an estimate of cost from another printer, obtained after the event, is not a concession. Essentially, this is a single claim and proof involved in an assessment of damages would be coextensive or identical with that required in a plenary trial. The determination of the full amount due can be expeditiously resolved in a single full trial of the issues (*Nigro* v. *Celestial Music Corp.*, 33 A D 2d 1003; *Hastings* v. *C. B. Richard, Ellis & Co.*, 36 A D 2d 695). Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Tilzer, JJ.

■ In the Matter of LEWIS J. BLUM (Admitted as LEWIS JOSEPH BLUM), an Attorney.— Application for reinstatement denied, without prejudice to renewal 30 days after service upon the Co-ordinating Committee on Discipline of the Association of the Bar of the City of New York, New York County Lawyers Association and Bronx County Bar Association of a detailed affidavit of compliance pursuant to title 22, section 603.14(f) of the Rules and Regulations of this court. (22 NYCRR 603.14[f].) Concur — McGivern, J. P., Markewich, Nunez, Tilzer and Eager, JJ.